J-S69032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RANDELL HOLLY | |
| Appellant | No. 407 EDA 2014 |

Appeal from the Judgment of Sentence entered February 11, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0008395-2009;
CP-51-CR-0008456-2009; CP-51-CR-0009089-2009

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 16, 2015**

Appellant, Randell Holly, appeals the judgment of sentence entered February 11, 2011 by the Court of Common Pleas of Philadelphia County. On direct appeal, Appellant raises one claim of ineffective assistance of counsel pertaining to trial counsel. Because this claim is not cognizable on direct appeal under the circumstances of this case, we affirm the judgment of sentence, without prejudice to Appellant's right to raise it in a timely Post Conviction Relief Act (PCRA) petition.[1] Counsel has filed a brief under ***Anders v. California***, 386 U.S. 738 (1967), and petitioned to withdraw as counsel, alleging that this appeal is wholly frivolous. Upon review, we grant the petition to withdraw.

---

[1] 42 Pa.C.S.A. §§ 9541-46.

The trial court summarized the relevant background of the case in its Rule 1925(a) opinion, which reads:

On November 22, 2010, following a jury trial, Appellant was convicted of indecent assault, corrupting the morals of a minor, and unlawful contact with a minor. These charges stemmed from Appellant's molestation of three young children, ages 7, 8, and 9. On February 11, 2011, [the trial court] sentenced Appellant to three and one-half (3 1/2) to seven (7) years' incarceration, followed by six (6) years' probation. Appellant filed neither post-sentence motions nor a direct appeal.

On March 12, 2012, Appellant filed a [PCRA petition]. On June 12, 2013, Appellant's PCRA counsel filed an Amended Petition alleging that trial counsel rendered ineffective assistance by failing to file post-sentence motions challenging the weight of the evidence and the discretionary aspects of Appellant's sentence, and by failing to file a direct appeal. Appellant requested permission to file post-sentence motions and a direct appeal *nunc pro tunc*.

On January 17, 2014, [the trial court] held an evidentiary hearing and reinstated Appellant's right to file a direct appeal of his conviction and sentence, but denied his request to file post-sentence motions. [This appeal followed].

Trial Court Opinion, 4/29/14, at 1-2.

On appeal, Appellant raises the following issue:

Trial counsel was ineffective for failing to investigate and call as witnesses at trial Khadejah Catley and Lamar, both of whom would have testified that the victims had a reputation for lying.

Appellant's Brief at 10.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **See Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa.

- 2 -

2009); *see also Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his *Anders* brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of *Anders*.

We next must determine whether counsel's *Anders* brief complies with the substantive requirements of *Santiago*, wherein our Supreme Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a

summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of *Santiago*. We, therefore, conclude that counsel has satisfied the minimum requirements of *Anders*/*Santiago*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5.

Before we can address the merits of this case, however, we must determine preliminarily whether a claim for ineffective assistance of counsel (IAC) is reviewable by this Court at this procedural juncture. For the reasons explained below, we conclude it is not.

As noted the by the trial court, this Court cannot review a claim for ineffective assistance of counsel at this stage. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed the general principle that IAC claims must be deferred to collateral review. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). Notwithstanding this general rule, the Supreme Court created two limited exceptions, both falling

within the trial court's discretion. The **Holmes** Court summarized the two exceptions as follows:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> . . . .
>
> Second, with respect to other cases and claims, including cases such as **Bomar**[2] and the matter *sub judice,* where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called **Bomar** exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. . . . . This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

**Holmes**, at 563-64 (footnotes omitted).[3]

---

[2] **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003).

[3] The Supreme Court summarized the impact of **Holmes** on **Grant** and **Bomar** as follows:

*(Footnote Continued Next Page)*

Here, the trial court did not find the claim to be meritorious and apparent from the record as to require immediate vindication. Additionally, Appellant did not allege any "good cause" for seeking unitary review of his ineffectiveness claim and did not state he intended to waive collateral review. Thus, neither of the exceptions outlined in *Holmes* is applicable here. *See also* Trial Court Opinion, 4/2914, at 4. The instant claim, therefore, is not reviewable on this direct appeal. *Holmes*, 79 A.3d 563-64; *see also Commonwealth v. Britt*, 83 A.3d 198, 204 (Pa. Super. 2013) (IAC claim not reviewable on direct appeal because claim was not apparent from record and appellant did not waive PCRA review). Accordingly, we affirm the judgment of sentence without prejudice to Appellant to raise this IAC claim in a timely PCRA petition, and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

---

*(Footnote Continued)* ─────────────

> [W]e hold that *Grant*'s general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel; we disapprove of expansions of the exception to that rule recognized in *Bomar;* and we limit *Bomar,* a case litigated in the trial court before *Grant* was decided and at a time when new counsel entering a case upon post-verdict motions was required to raise ineffectiveness claims at the first opportunity, to its pre-*Grant* facts.

*Holmes*, 79 A.3d at 563.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/16/2015</u>