J-S05037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MASON TYLER SWANSON | |
| Appellant | No. 1161 WDA 2014 |

Appeal from the Judgment of Sentence entered June 23, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000913-2013

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 27, 2015**

Appellant Mason Tyler Swanson appeals from the June 23, 2014 judgment of sentence entered by the Court of Common Pleas of Erie County (trial court), following a jury trial that resulted in Appellant being found guilty of  corruption of minors[1] and indecent assault.[2]  Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  For the reasons set forth below, we affirm the judgment of sentence, and grant the petition to withdraw.

---

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).

[2] 18 Pa.C.S.A. § 3126(a)(8).

On March 6, 2013, Officer Markus Morrison, City of Corry Police Department, charged Appellant with corruption of minors and indecent assault. In his affidavit of probable cause accompanying the complaint, Officer Morrison alleged in part:

> On 01/31/13, the victim "LLS" minor child 13 yrs of age, reported that she took a shower with [Appellant] 22 yrs of age, while she was babysitting her sister[']s two children . . . . Victim believes the incident occurred sometime during December 2012 Christmas break, during the afternoon. Victim stated during Children's Advocacy Center interview that [Appellant] showed up to her sister[']s house looking for her sister. Victim told [Appellant] that her sister is not home, she is in Erie. While [there], [Appellant] asked the victim to take a shower with him. Victim stated that she did not want to, but did so anyhow due to [Appellant] appearing upset with her.

Affidavit of Probable Cause, 3/6/13. The case proceeded to a jury trial, at the conclusion of which Appellant was convicted of corruption of minors and indecent assault. On June 23, 2014, the trial court sentenced Appellant to serve 10 to 24 months in prison for corruption of minors and a consecutive 6 to 24 months' incarceration for indecent assault. Appellant filed a timely appeal to this Court.

On July 30, 2014, instead of filing a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant's counsel filed a statement of intent to file an *Anders* brief under Pa.R.A.P. 1925(c)(4).[3] As

_____

[3] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [*Anders*] brief in lieu of filing a Statement. If, upon review of the [*Anders*] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a

*(Footnote Continued Next Page)*

a consequence of Rule 1925(c)(4) statement of intent, the trial court declined to issue a Pa.R.A.P. 1925(a) opinion.

On October 23, 2014, Appellant's counsel filed in this Court a motion to withdraw as counsel and filed an **Anders** brief, wherein counsel raises two issues for our review:

> [1.] Whether the supposed in-court identification of Appellant's probative value was outweighed by its prejudicial impact, and the lower court judge's admission thereof was inconsistent with the objectives of Pennsylvania law?
>
> [2.] Whether defense counsel's failure to object to the in-court identification resulted in ineffective assistance of counsel, inconsistent with the objectives of Pennsylvania law?

**Anders**/**Santiago** Brief at 3 (footnote omitted).

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the

*(Footnote Continued)* ────────────────

supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. ***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his ***Anders*** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

We next must determine whether counsel's ***Anders*** brief complies with the substantive requirements of ***Santiago***, wherein our Supreme Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of ***Santiago***. We,

- 4 -

therefore, conclude that counsel has satisfied the minimum requirements of *Anders*/*Santiago*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant first argues the trial court abused its discretion in admitting his in-court identification by the minor victim. In this regard, Appellant argues "the probative value of such admitted evidence is outweighed by its prejudicial impact." Appellant's Brief at 5 (citation omitted).

Before addressing the merits of Appellant's claim, we must determine whether Appellant properly has preserved the issue for our consideration. With respect to preserving challenges to the admission or exclusion of evidence, the Pennsylvania Rule of Evidence 103 provides in relevant part:

> **(a) Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence only:
>> (1) if the ruling admits evidence, a party, on the record:
>>> (A) makes a timely objection, motion to strike, or motion *in limine*; and
>>> (B) states the specific ground, unless it was apparent from the context[.]

Pa.R.E. 103(a)(1). In Pennsylvania, it is well-settled that a party must make a timely and specific objection at trial in order to preserve an issue for appellate review. *See* Pa.R.A.P. 302(a); *see also Commonwealth v.*

*Montalvo*, 641 A.2d 1176, 1185 (Pa. Super. 1994) (citation omitted) ("In order to preserve an issue for review, a party must make a timely and specific objection at trial."). Failure to do so results in waiver of that issue on appeal. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Schoff*, 911 A.2d 147, 158 (Pa. Super. 2006).

Instantly, the trial transcript reveals that Appellant's counsel failed to object to Appellant's in-court identification by the minor victim.

[Commonwealth:] All right. Is [Appellant] in the courtroom today?

[Victim:] Yes.

[Commonwealth:] Could you please point to him and say what he's wearing?

[Victim:] A tie.

[Commonwealth:] May need to be a little more specific.

[Victim:] Tie and a coat.

[Commonwealth:] Does he have a beard?

[Victim:] Yeah.

[Commonwealth:] Can you be a little more specific as to the color of his tie, [L.S.]? Look over there.

[Victim:] Black and gold.

[Commonwealth:] Okay. Your Honor, is that enough to—

The [trial] court: Yes, I think so.

[Commonwealth:] Thank you. All right. Thank you.

The [trial] court: Okay. The record shall reflect [victim has] identified the defendant.

[Commonwealth:] Thank you.

N.T. Trial, 2/12/14, at 20-21. Accordingly, we conclude Appellant's evidentiary challenge to his in-court identification by the victim is waived.[4] *See Schoff*, *supra*; *see also* Pa.R.E. 103(a).

We next address Appellant's argument that his trial counsel rendered ineffective assistance when he failed to object to Appellant's in-court identification by the victim. Based on our Supreme Court's recent decision in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), Appellant's ineffectiveness claim cannot be considered at this juncture. In *Holmes*, our Supreme Court reaffirmed its prior holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA). *See Holmes*, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. *See id.* at 577-78 (holding that the trial court may address claims of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Accordingly, Appellant must raise his challenge to trial counsel's failure to object to

_____

[4] In his second issue before us, Appellant acknowledges that his trial counsel failed to preserve this issue for appeal.

Appellant's in-court identification in a timely-filed PCRA petition. We, however, express no opinion on the merits of such effectiveness claim.

We have conducted an independent review of the record and addressed Appellant's arguments pertaining to his in-court identification by the minor victim. Based on our conclusions above, we agree with counsel that the issues Appellant seeks to litigate in this appeal are wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2015