J-S66022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHACQAN MCCLENDON | |
| Appellant | No. 386 WDA 2015 |

Appeal from the Judgment of Sentence entered January 21, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0001969-2013

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 8, 2016**

Appellant, Shacquan McClendon, appeals from the judgment of sentence entered by the Court of Common Pleas of Erie County, following a jury trial that convicted Appellant of robbery, recklessly endangering another person (2 counts), and theft by unlawful taking.[1]  Appellant's counsel filed a petition to withdraw, alleging that no non-frivolous grounds exist for appeal, and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the relevant background as follows.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii), 18 Pa.C.S.A. § 2705 (2 counts), and 18 Pa.C.S.A. § 3921, respectively.

On May 31, 2013, at approximately 9:00 p.m., victims Chelsea Seyler and Ryan Droney [were] walking home from Sanders Market, located on East 6th street in the city of Erie. While they [were] walking westward on East 6th street, Appellant walked past [sic] them from behind, turned around, and pointed a black handgun at them. Appellant stood approximately one foot away. Seyler immediately recognized Appellant as they both graduated from East High School in 2012 and she knew him from music class. Seyler and Appellant were also Facebook friends. Although Appellant's head was covered by his sweatshirt's hood, both Seyler and Droney could see Appellant's entire face.

With his gun pointed at the victims, Appellant told them to empty their pockets. Appellant took a cellular phone from Seyler, searched Droney's pockets, and removed $20.00 from his sweatshirt pocket. After a moment, Appellant gave the cell phone back to Seyler, apologized to them both, and stated that, "it's been hard and tough times." Appellant then fled the scene and the victims walked back home.

Approximately 30 minutes after the robbery, the victims called [the] police. Police arrived at their home and Seyler gave them Appellant's name as the assailant. Seyler also identified Appellant during a police photo lineup on June 4, 2013.

On January 21, 2014, appellant's jury trial commenced. Both victims unequivocally identified Appellant as their assailant. Although Appellant denied robbing the victims, he admitted that he knew Seyler from school. Following testimony, the jury found Appellant guilty of the foregoing offenses.

After trial, the Commonwealth filed its notice of intent under 42 Pa.C.S.A. § 9712 (a), requesting imposition of a 5-year mandatory minimum for robbery. On March 14, 2014, appellant was sentenced to a mandatory minimum term of 5 to 10 years' imprisonment at Count 1, robbery. The remaining counts merged for sentencing purposes.

On March 24, 2014, Appellant filed a Motion To Reconsider Sentence, which this [c]ourt denied on March 26, 2014. Appellant filed a timely Notice of Appeal on April 21, 2014. In response to this [c]ourt's 1925(b) Order, Appellant filed a

Statement of Matters Complained of on Appeal on June 12, 2014.

Trial Court Opinion, 7/7/14, at 1-2 (internal citations and footnotes omitted).

On January 21, 2015, a re-sentencing hearing was held following the decision from this Court vacating Appellant's prior sentence and remanding for a new sentence in light of the Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). ***Commonwealth v. McClendon***, 113 A.3d 348 (Pa. Super. 2014). Appellant was re-sentenced to an aggregate of thirty-three to one-hundred twenty months of incarceration and was credited for time served. Appellant filed a post-sentence motion on January 30, 2015, which was denied. Appellant timely appealed. As ordered, Appellant filed a Pa.R.A.P. 1925(b) statement, and Appellant's counsel simultaneously filed a statement of intent to file an ***Anders*** brief.

On August 31, 2015, Appellant's counsel filed an ***Anders*** brief and a petition for leave to withdraw as counsel. Counsel's ***Anders*** brief raises the following issue for our review: "Whether the appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" ***Anders***/***Santiago*** Brief at 3.

When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the

- 3 -

record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's attention. ***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that she was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and her ***Anders*** brief. Counsel also advised Appellant of his right to retain new counsel, to proceed *pro se*, or to raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

We next must determine whether counsel's ***Anders*** brief complies with the substantive requirements of ***Santiago***, wherein our Supreme Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Here, our review of counsel's brief indicates that she has complied with the briefing requirements of *Santiago*.

Once counsel has met her obligations, the reviewing court must fully examine the proceedings and make an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant argues that, although the trial court sentenced him within the guidelines, it failed to consider the factors set out in 42 Pa.C.S.A. § 9721(b) and imposed a sentence that "is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code." *Anders/Santiago* Brief at 6. In support of this contention, Appellant only contends that the trial court failed to take into consideration the mitigating factors in his case, including Appellant's young age at the time of the offense, that Appellant was in his second year at Mercyhurst University and majoring in Culinary Arts, that Appellant had no prior record, and that Appellant apologized to the victims and returned the property taken during the robbery. *Id.* at 6-7.

When reviewing a challenge to the trial court's discretion, our standard of review is as follows.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly

unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting ***Commonwealth v. Cunningham***, 805 A.2d 566, 575 (Pa. Super. 2002), ***appeal denied***, 64 A.3d 630 (Pa. 2003)).

An appellant's right to appeal a discretionary aspect of sentence is not absolute. ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) *appeal denied*, 109 A.3d 678 (Pa. 2015). Appellant has complied with the first three of these requirements as he has filed a timely appeal, preserved his issue through a post-sentence motion, and his brief includes a Rule 2119(f) statement. We ordinarily next would determine if Appellant's Rule 2119(f) statement presents a substantial question for review. As explained below, we need not resolve that question.

Even if Appellant had a raised a substantial question, he still cannot obtain relief. Contrary to Appellant's claim, our review of the transcript of

the re-sentencing hearing indicates that the trial court did consider the factors set forth in Section 9721(b) as well as the particular mitigating circumstances that Appellant points out. *See* N.T. Sentencing, 1/21/15, 8-9, 11, 14-16, 22-23. The trial court specifically stated the following at Appellant's re-sentencing hearing.

> In this case I've considered the Pennsylvania Sentencing Code and it's [sic] various factors.
>
> . . . .
>
> Initially the sentencing of the [c]ourt was 60 months to 10 years, but I make the following observations: The guidelines are 40 to 54 months. And normally I pick a sentence here at the bottom end of the standard range because he has no prior record. Pastor Sanders and his mother made a little headway with me. There's nothing mitigated, nothing at all about this offense, okay, but I'm going to go below the standard range, the bottom end of the standard range by a little bit because I do think that his young man has rehabilitative potential and I don't' believe every individual is as bad as the worst thing they've ever done. So I look at crimes but I sentence individuals.
>
> . . . .
>
> So here I am going to impose a sentence . . . of 33 months at the bottom end, which is seven months below the minimum of the guidelines. Not as low as I might have gone. Not as high as I was going to go when I came out here. But the people that have, participated and I've come down on that number, simply because I think he has rehabilitative potential. . . . I can't go any lower than that. To impose less of a sentence would be to diminish the seriousness of what you did.

N.T. Sentencing, 1/21/15, at 26-28. Accordingly, Appellant's argument that the trial court failed to consider his mitigating circumstances fails. We therefore agree with counsel that the issue Appellant seeks to litigate in this

appeal is wholly frivolous. Further, we have reviewed the record and we do not discern any non-frivolous issues that Appellant could have raised. As such, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/2016