J-S13021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYN MICHAEL KAELIN | |
| Appellant | No. 834 WDA 2015 |

Appeal from the Judgment of Sentence Entered April 21, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No: CP-11-CR-0001926-2013

BEFORE:  LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                        **FILED APRIL 13, 2016**

Appellant Bryn Michael Kaelin appeals from the April 21, 2015 judgment of sentence entered in the Court of Common Pleas of Cambria County ("trial court") following Appellant's bench conviction for possession of child pornography under Section 6312(d)(1) of the Crimes Code, 18 Pa.C.S.A. § 6312(d)(1).  Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).  For the reasons set forth below, we affirm Appellant's judgment of sentence, and grant counsel's petition to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

The facts and procedural history underlying this case are undisputed. Briefly, an employee discovered an SD card at the Ebensburg Center. In an effort to locate the owner of the SD card, the employee with the help of her colleagues inserted the SD card into a computer. As a result, the employees observed multimedia content. Specifically, the content featured sexual images of young girls interspersed with Appellant's personal pictures and videos. On September 19, 2013, Appellant was charged with possessing child pornography. The case eventually proceeded to a bench trial, following which Appellant was found guilty of possession of child pornography and sentenced to 3 to 60 months' monitored house arrest.[1] Appellant timely appealed to this Court.

On June 10, 2015, instead of filing a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant's counsel filed a statement of intent to file an ***Anders*** brief under Pa.R.A.P. 1925(c)(4).[2]

---

[1] The trial court directed Appellant to be paroled after he serves three months of his house arrest sentence. ***See*** N.T. Sentencing, 4/21/15, at 19 ("Now, your parole is going to be essentially four years and nine months[.]").

[2] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [***Anders***] brief in lieu of filing a Statement. If, upon review of the [***Anders***] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

*(Footnote Continued Next Page)*

Appellant's counsel noted that Appellant intended to raise issues on appeal that were frivolous. On July 21, 2015, the trial court issued a brief Pa.R.A.P. 1925(a) opinion.

On September 16, 2015, Appellant's counsel filed in this Court a motion to withdraw as counsel and filed an *Anders* brief, wherein counsel raises four issues for our review:

> [1.] Did the Commonwealth present sufficient evidence to establish that Kaelin possessed child pornography?
>
> [2.] Was the trial court's determination of guilt contrary to the weight of the evidence?
>
> [3.] Did the Commonwealth commit a discovery violation that entitled [Appellant] to relief?
>
> [4.] Did the sentencing court commit any errors that would entitle [Appellant] to any relief?

*Anders* Brief at 9.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the

_(Footnote Continued)_ ———————————

Pa.R.A.P. 1925(c)(4).

defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We,

- 4 -

therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

We first address the claim that evidence was insufficient to support Appellant's conviction for possession of child pornography. "A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of **wholly circumstantial evidence**. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Antidormi**, 84 A.3d 736, 756 (Pa. Super. 2014) (emphasis added), **appeal denied**, 95 A.3d 275 (Pa. 2014).

Section 6312 of the Crimes Code, relating to sexual abuse of children, provides in pertinent part:

> Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312(d). Section 6312(g) defines the term "prohibited sexual act" is defined as:

> Sexual intercourse as defined in section 3101 (relating to definitions), masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction.

*Id.*

Instantly, Appellant argues only that the trial court erred in concluding that the Commonwealth established beyond a reasonable doubt that he knowingly possessed or controlled child pornography in violation of Section 6312(d).[3] Based on the record in this case, we must disagree. At trial, the Commonwealth offered, *inter alia*, the testimony of Maryanne Shirley, and Jennifer Emerson.

Ms. Shirley testified that she was familiar with Appellant because they both worked as residential service aides at the Ebensburg Center. N.T. Trial, 1/15/15, at 31-32. She testified that on July 8, 2012, at the start of her

---

[3] Appellant stipulated at trial that the photographs recovered from the SD card constituted child pornography. **See** N.T. Trial, 1/15/15, at 5.

shift when she was stowing away her personal items, she observed Appellant "sitting in the TV room in [a] recliner." *Id.* at 32. Ms. Shirley further testified that, because many residents at Ebensburg Center will eat inedible objects, she routinely performs a "pica sweep." *Id.* at 33-34. According to Ms. Shirley, she pica sweeps the area where the recliner is "at least three times a shift." *Id.* at 34. During a pica sweep on July 8, 2012, Ms. Shirley testified that she found "a camera card laying [sic] on the floor underneath the recliner," on which Appellant was sitting. *Id.* at 33-34. Eventually, after Ms. Shirley failed to find the owner of the SD card, her colleagues suggested that they review the card to locate its owner. *Id.* at 36. Ms. Shirley testified that the SD card contained Appellant's personal pictures and images of young girls in various states of undress. *Id.* at 37.

On cross-examination, Ms. Shirley remarked that she discovered the SD card about 30 minutes after she observed Appellant sitting in the recliner. *Id.* at 40-42.

Next the Commonwealth presented the testimony of Ms. Emerson, who testified that she worked as a residential services supervisor at the Ebensburg Center. *Id.* at 45. She testified that Ms. Shirley and another individual asked her to bring her laptop so that "they could put the camera card in it to see who [sic] it belonged to." *Id.* at 46. She stated that the the SD card featured Appellant's personal pictures and videos as well as pictures of nude teenage girls. *Id.* at 48, 51.

Based on our review of the trial transcript and viewing the evidence in the light favorable to the Commonwealth, thereby giving it the benefit of the reasonable inferences derived therefrom, we agree with the trial court's conclusion that the Commonwealth presented sufficient evidence to sustain Appellant's conviction for possession of child pornography. Here, Ms. Shirley observed Appellant in the recliner shortly before she discovered the SD card containing Appellant's personal images and images of young girls in various states of undress.

Appellant next argues that the trial court's verdict was against the weight of the evidence. We review weight-related issues as follows:

> The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.
>
> When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.
>
> Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

*Commonwealth v. Street*, 69 A.3d 628, 633 (Pa. Super. 2013) (internal citation omitted).

Here, based on our review of the entire record, as set forth in our foregoing analysis of Appellant's sufficiency of the evidence argument, we conclude that the trial court did not abuse its discretion in denying Appellant's motion for a new trial. Accordingly, Appellant is entitled to no relief on this claim.

We now turn to Appellant's argument that the Commonwealth committed discovery violations. Specifically, Appellant contends that the Commonwealth failed to disclose to Appellant (1) the substance of Ms. Shirley's testimony prior to trial and (2) an expert report prepared by Maryann Leon prior to trial.[4,5] As the Commonwealth points out, Appellant failed to object to the alleged discovery violations at trial. We agree. The record reveals that Appellant did not raise the issues of discovery violations before the trial court. As such, the issues are waived. *See* Pa.R.A.P. 302(a).

---

[4] We note that Appellant objected to the admission of the expert report, requesting only to cross-examine the report's author, Ms. Leon. The trial court sustained Appellant's objections and permitted Appellant to cross-examine Ms. Leon about the content of her expert report. N.T. Trial, 1/15/15, at 60-65, 67-70.

[5] To the extent Appellant raises any Ra.R.Crim.P. 600 (prompt trial) issues, we deem such issues waived. Our review of the record indicates that Appellant failed to file a Rule 600 motion in the trial court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also* Pa.R.Crim.P. 600(D)(1) (requiring the filing of a written motion).

Appellant lastly argues that the trial court abused its discretion in sentencing him to 3 to 60 months' house arrest. Appellant, however, cannot challenge the discretionary aspects of his sentence on appeal because he failed to do so in a post-sentence motion before the trial court. It is settled that "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (citation omitted), ***appeal denied***, 75 A.3d 1281 (Pa. 2013). Accordingly, no relief is due on this claim.[6]

We have conducted an independent review of the record and addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with counsel that the issues Appellant seeks to litigate in this appeal are wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

_____

[6] Possession of child pornography is a third degree felony for which the statutory maximum sentence is 7 years. ***See*** 18 Pa.C.S.A. §§ 106(b)(4), 1103(3), 6312(d.1)(2)(i). Because Appellant's sentence falls within the statutory limits, we cannot conclude that it is illegal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/13/2016