J-S95009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PETE WALKER | |
| Appellant | No. 2947 EDA 2015 |

Appeal from the Judgment of Sentence June 17, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0002696-2001

BEFORE: STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                          **FILED MARCH 30, 2017**

Appellant, Pete Walker, appeals from the June 17, 2015 judgment of sentence entered in the Court of Common Pleas of Delaware County ("trial court") following a revocation of the Appellant's parole after a ***Gagnon II*** hearing. Counsel has filed a brief in accordance with ***Anders v. California***, 368 U.S. 738 (1969), and an application for leave to withdraw. Following review, we grant counsel's application for leave to withdraw and quash Appellant's appeal.

Appellant pled guilty to robbery of a motor vehicle and recklessly endangering another person ("REAP") on July 16, 2003.[1] Appellant was

---

[1] 18 Pa.C.S.A. § 3702 and § 2705 respectively.

sentenced to an aggregate term of 11.5-23 months of incarceration followed by three years' probation with no credit for time previously served.

Following a **Gagnon II** hearing on September 14, 2010, Appellant's probation was revoked and he was resentenced to 6-12 months of incarceration followed by two years' probation. After another alleged violation, a **Gagnon II** hearing was held on June 17, 2015, after which the trial court revoked Appellant's probation and imposed a sentence of 1-2 years' incarceration.

On August 20, 2015, Appellant filed a "Petition for Writ of Habeas Corpus and/or a Petition for Time Credit." The trial court dismissed this petition on August 25, 2015. Subsequently, Appellant field a *pro se petition* to Appoint counsel which was denied on September 10, 2015. Appellant filed a *pro se* notice of appeal on September 21, 2015; however, this notice did not indicate what order was being appealed.

Appellant's counsel filed, in this Court, an application to withdraw as counsel and an **Anders** brief, wherein counsel raises one issue for our review.

> I. Whether the Superior Court of Pennsylvania has jurisdiction to consider Appellant's untimely appeal where Appellant alleges ineffective assistance of counsel as a result of prior counsel failing to file a timely notice of appeal.

**Anders** Brief at 4. Appellate counsel filed his **Anders** brief on October 17, 2016, and an application to withdraw as counsel on October 18, 2016. This Court issued an order on November 14, 2016, directing counsel to correct

- 2 -

his letter advising Appellant of his right to proceed *pro se* or with privately retained counsel. Counsel complied on October 18, 2016. Appellant did not file a reply to the **Anders** Brief.

Before this Court can review the merits of the underlying issues, we must first address counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In order for court-appointed counsel to withdraw, counsel must

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

**Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009) (quoting **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005)).

Upon review, we conclude counsel has satisfied the procedural requirements set forth in **Anders**. In the brief, counsel explains his conclusion that the issue sought to be raised by Appellant is wholly frivolous. On October 14, 2016, counsel sent a copy of the **Anders** brief to Appellant. Following this Court's November 14, 2016 order, counsel sent an amended letter advising Appellant of his right to retain new counsel or act on his own behalf.

Next, this Court must first address whether counsel's **_Anders_** brief satisfies the following substantive requirements:

(1)   provide a summary of the procedural history and facts, with citations to the record;

(2)   refer to anything in the record counsel believes arguably supports the appeal;

(3)   set forth counsel's conclusion that the appeal is frivolous; and

(4)   state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**_Santiago_**, 978 A.2d at 361.

In the **_Anders_** brief, counsel has included a statement of the case that includes a procedural history of the case. **_Anders_** Brief at 5-6. Counsel has complied with the first requirement.

The second required element of an **_Anders_** brief is reference to anything in the record that counsel believes arguably supports the appeal. **_See Santiago_**, 978 A.2d at 361. Here, counsel raises one issue: whether Appellant can raise the issue of trial counsel ineffectiveness for failing to file a timely notice of appeal on direct appeal. **_Anders_** Brief at 6. Counsel, therefore, has satisfied the second **_Anders_** requirement.

The third element of **_Anders_** requires counsel to state his conclusion that the appeal is frivolous, which counsel complied with in his brief.[2] **_Id._** at

---

[2] Counsel complied with this requirement; however, compliance was by the slimmest of margins.

7. The final element of **Anders** requires counsel to provide his reasons for concluding that the appeal is frivolous. **Santiago**, 978 A.2d at 361. Counsel complied with this requirement and satisfied the final prong of the **Anders** test. **Anders** Brief at 6-7.

We find counsel has satisfied the requirements for a petition to withdraw. He complied with the briefing requirements, as explained above. Appellant was advised of his right to retain substitute counsel or to proceed *pro se* to bring any attention points to this Court's attention. Thus, we must next address the merits.

Appellant's sole claim is that trial counsel was ineffective for failing to file a timely notice of appeal. **Anders** Brief at 4. It is undisputed that trial counsel did not file a timely notice of appeal. The "general rule of deferral to PCRA review remains the pertinent law on the appropriate timing of review of claims of ineffective assistance of counsel." **Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013). In **Holmes**, our Supreme Court noted only two exceptions to this general rule. The first exception is where "there may be an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness if both meritorious and apparent from the record so that immediate consideration or relief is warranted." **Id.** at 577. The second exception provides that trial courts have discretion, upon good cause shown, if there are multiple or prolix claims of counsel ineffectiveness, and the defendant expressly waives PCRA review. **See id.** at 563-64.

In the matter *sub judice*, the trial court did not grant relief and there is nothing in the record indicating that Appellant expressly waived PCRA review. Thus, the trial court did not have jurisdiction to consider Appellant's ineffective assistance of counsel claim. **See Commonwealth v. Harris**, 114 A.3d 1, 6 (Pa. Super. 2015). This Court "may *sua sponte* consider whether we have jurisdiction to consider the merits of the claim presented." **Id.** (citation omitted). As the trial court did not have jurisdiction to consider the merits of Appellant's ineffectiveness claims, this Court does not have jurisdiction to consider the appeal of these claims. **See id.** As counsel noted, these claims should be raised in Appellant's first PCRA petition. Moreover, while Appellant attempted to file an appeal *nunc pro tunc*, Appellant never requested such relief from the trial court.

As counsel has complied with the technical requirements of **Anders** and **Santiago**, this Court must "conduct an independent review for the record to discern if there are any additional non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015). Upon review, we do not discern any non-frivolous issues that Appellant could have raised. We therefore grant counsel's application to withdraw and quash Appellant's appeal.

Appeal quashed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2017