**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Joshua LILLEY, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 2009.

Filed July 21, 2009.

Nicole D. Sloane, Public Defender, Erie, for appellant.

Bradley H. Foulk, Assistant District Attorney, Erie, for Commonwealth, appellee.

BEFORE: LALLY–GREEN, FREEDBERG, and POPOVICH, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 Appellant, Joshua Lilley, Sr., appeals from judgment of sentence entered by the Court of Common Pleas of Erie County. Appellant's court-appointed counsel ("Counsel") has filed a brief and a petition to withdraw from this appeal on the basis of frivolity. After conducting an independent review of the record, we grant the petition to withdraw and affirm judgment of sentence.

¶ 2 On August 23, 2007, Appellant was charged with one count of aggravated indecent assault of a child, 18 Pa.C.S.A. § 3125(b), one count of indecent assault, 18 Pa.C.S.A. § 3126(a), one count of corruption of minors, 18 Pa.C.S.A. § 6301(a), and one count of endangering the welfare of children, 18 Pa.C.S.A. § 4304. On May 1, 2008, Appellant entered into a negotiated plea in which he agreed to plead guilty to one count of aggravated indecent assault of a child, 18 Pa.C.S.A. § 3125(a)(7),[1] and one count of endangering the welfare of children, 18 Pa.C.S.A. § 4304. As a result, Appellant admitted to sexually assaulting an eight-year-old girl on one occasion

---

1. This modification to the initial count against Appellant reduced the severity of the charge from a felony of the first degree to a felony of the second degree.

sometime in 2005. In exchange for his plea, the Commonwealth agreed to *nolle pros* the other charges pending against Appellant.

¶ 3 On September 8, 2008, Appellant was sentenced to a period of incarceration of 60 to 120 months for aggravated indecent assault of a child. With an offense gravity score of 10 and a prior record score of RFEL [2], this sentence is a mitigated range sentence, 204 Pa.Code § 303.16, and represents the mandatory minimum sentence. 42 Pa.C.S.A. 9718(a). Appellant was also sentenced to a consecutive period of 27 to 54 months for endangering the welfare of children. This sentence is within the standard range of the sentencing guidelines. 204 Pa.Code § 303.16. Appellant was also found to be a sexually violent predator.[3] On September 18, 2008, Appellant's prior counsel filed a motion for reconsideration/modification of sentence. The sentencing court held a hearing on Appellant's motion on October 29, 2008, at the conclusion of which, the sentencing court denied Appellant's motion.

¶ 4 On November 26, 2008, Counsel filed a notice of appeal. On December 22, 2008, Counsel filed a Pa.R.A.P.1925(b) statement of matters complained of on appeal. On January 22, 2009, the sentencing court issued a Pa.R.A.P.1925(a) opinion.

■ ¶ 5 Counsel has petitioned to withdraw and has submitted an *Anders* brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super.2005) (citation omitted). "[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379 (Pa.Super.2008), citing *Rojas*, 874 A.2d at 639.

■ ¶ 6 We conclude that Counsel has made a conscientious examination of the record in this case and has determined that an appeal would be frivolous. Counsel's brief does not resemble a "no merit" letter or *amicus curiae* brief, as it sets forth issues in a neutral fashion, cites to appropriate authority and does not argue against his client. Finally, the record contains a copy of the letter which Counsel sent to Appellant, advising him of his rights and stating Counsel's intention to seek permission to withdraw. Appellant has not responded. Accordingly, Counsel has complied with the procedural require-

---

2. This designation identifies a "Repeat Felony 1 and Felony 2 Offender." 204 Pa.Code § 303.4(a).

3. A sexually violent predator is defined as "[a] person who has been convicted of a sexually violent offense as set forth in [42 Pa.C.S.A. § 9795.1 (relating to registration)] and who

is determined to be a sexually violent predator under [42 Pa.C.S.A. § 9795.4 (relating to assessments)] due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9792.

ments of *Anders* and *McClendon* as set forth in *Rojas*. *Rojas*, 874 A.2d at 639.

¶ 7 "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Wimbush*, 951 A.2d at 382, *quoting Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa.Super.2004). We conclude that Appellant's appeal is frivolous.

¶ 8 The *Anders* brief challenges discretionary aspects of Appellant's sentence. Appellant was required to "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

> The concise statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates. Additionally, the statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. If the statement meets these requirements, we can decide whether a substantial question exists.

*Commonwealth v. Kiesel*, 854 A.2d 530, 532 (Pa.Super.2004) (internal quotations and citations omitted). Appellant's Pa. R.A.P. 2119(f) statement fails to cite what particular provision of the code or what specific fundamental norm Appellant's sentence allegedly violates.

¶ 9 Nevertheless, in light of Counsel's petition to withdraw, we address Appellant's contention. *See Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa.Super.2001) (concluding that *Anders* requires review of issues otherwise waived on appeal). According to Appellant, the duration of his sentence is too harsh because (1) his designation as a sexually violent predator entails a lifetime registration requirement which effectively provides for the protection of the community; (2) the facts of the case reveal that Appellant assaulted only one child on one occasion; (3) Appellant accepted responsibility for his actions by way of his guilty plea and (4) Appellant's prior record score was unreasonably high because of his juvenile record.

■ ¶ 10 Initially, we observe that Appellant's sentence for aggravated indecent assault of a child represents a mandatory minimum sentence in which the sentencing court had no discretion. 42 Pa.C.S.A. § 9718(a), (d) ("There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence."). Any contention of Appellant regarding the undue length of this portion of his sentence would be completely baseless. Therefore, we infer that Appellant is dissatisfied with his sentence for endangering the welfare of children, for which the sentencing court sentenced Appellant to a consecutive period of incarceration in the standard range.

■ ¶ 11 Sentencing is a matter vested in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Commonwealth v. Johnson*, 961 A.2d 877 (Pa.Super.2008); *Commonwealth v. Trippett*, 932 A.2d 188 (Pa.Super.2007). "In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Perry*, 883 A.2d 599 (Pa.Super.2005), *quoting Commonwealth v. Wright*, 832 A.2d 1104, 1107 (Pa.Super.2003); *see also Commonwealth v. L.N.*, 787 A.2d 1064, 1071 (Pa.Super.2001), *appeal denied* 569 Pa. 680, 800 A.2d 931 (2002).

¶ 12 Appellant's first argument claims that the lifetime registration requirement mitigates the need for substantial incarceration to protect the community from the risk of further criminal activity. Essentially, Appellant argues that this mitigating circumstance renders his sentence "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2); *see Commonwealth, v. Macias*, 968 A.2d 773, 777 (Pa.Super.2009) ("[T]he term 'unreasonable,' . . . generally means a decision that is either irrational or not guided by sound judgment."), *citing Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007). Appellant is incorrect.

¶ 13 The emphasis Appellant places upon the public protection principle obscures other factors which the sentencing court may consider in fashioning a sentence.

[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b); *Commonwealth v. Jones*, 433 Pa.Super. 266, 640 A.2d 914, 917 (1994) (noting that a trial court must balance these factors in arriving at a proper sentence), *citing Commonwealth v. Ennis*, 394 Pa.Super. 1, 574 A.2d 1116 (1990); *see also Commonwealth v. Williams*, 539 Pa. 249, 652 A.2d 283, 285 n. 1 (1994) (noting "five broad purposes of the penal system: protection of society, general deterrence . . ., individual deterrence, rehabilitation, and retribution"). Within this framework, the sentencing court's discretion is broad. *Jones*, 640 A.2d at 917, *citing Commonwealth v. Minott*, 395 Pa.Super. 552, 577 A.2d 928 (1990); *Commonwealth v. Stalnaker*, 376 Pa.Super. 181, 545 A.2d 886 (1988). No-

tice to the public of Appellant's sexually violent predator designation does not diminish the court's discretion to conclude that significant incarceration is required to accomplish the legitimate objectives of the sentencing process. Therefore, the sentencing court did not abuse its discretion in concluding that Appellant's lifetime registration requirement is not a mitigating circumstance such as would render Appellant's sentence to a consecutive period of incarceration in the standard range "clearly unreasonable." *Macias*, 968 A.2d at 777.

¶ 14 Moreover, Appellant imparts a retributive quality to the registration requirement which is unwarranted. The registration requirement recognizes the high risk of recidivism posed by a sexually violent predator, but seeks to protect the public through the dissemination of information. See 42 Pa.C.S.A. § 9791(a)(1) (suggesting that adequate notice of predators will empower the community to "develop constructive plans to prepare themselves and their children for the offender's release.")

¶ 15 Our legislature has concluded that "persons found to have committed [an offense which leads to the sexually violent predator designation] have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government." 42 Pa. C.S.A. § 9791(a)(5). The registration policy "shall not be construed as punitive." 42 Pa.C.S.A. § 9791(b); *Commonwealth v. Lee*, 594 Pa. 266, 935 A.2d 865 (2007) (concluding that the registration policy is constitutional and not punitive).

¶ 16 The sentencing court did not abuse its discretion in deciding what weight to give to Appellant's stated willingness to accept responsibility for his actions. Moreover, we find Appellant's minimization of his actions, referring to "only one

victim" and "only one incident," devoid of merit, and frankly, troubling. The terms of incarceration imposed upon Appellant are well within the guidelines and consistent with the broad purposes of our penal system. *See Williams, supra.*

¶ 17 Finally, Appellant argues that his prior record score was unreasonably high because of his juvenile record.

> Prior juvenile adjudications are counted in the Prior Record Score when the following criteria are met:
>
> (1) The juvenile offense occurred on or after the offender's 14th birthday, and
> (2) There was an express finding by the juvenile court that the adjudication was for a felony or one of the Misdemeanor 1 offenses listed in § 303.7(a)(4).

204 Pa.Code § 303.6. The relevant criteria were met in this case. *See* Appellant's Guideline Sentence Form. Further, a sentencing court is required to examine a defendant's juvenile record when crafting an appropriate sentence.

> [A] child who continues his pattern of serious and violent anti-social activity into adulthood, should not receive the benefit of a cloak of immunity regarding that behavior, when it is relevant to predicting future behavior and the public safety is at risk.

*Commonwealth v. Smith,* 333 Pa.Super. 179, 481 A.2d 1365, 1366 (1984), citing 42 Pa.C.S.A. § 6354(b). Here, the sentencing court acknowledged Appellant's violent past and noted the passage of time between his juvenile adjudications and his adult crimes, but concluded that a sentence in accordance with the guidelines recognized the gravity of Appellant's offense and its impact on the life of the victim and presented an appropriate means of providing rehabilitative treatment to Appellant. In doing so, the sentencing court followed the law and did not abuse its discretion.

¶ 18 Petition to withdraw granted. Judgment affirmed.