J-S05030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMES JUMAH ROBINSON | |
| Appellant | No. 1216 MDA 2016 |

Appeal from the Judgment of Sentence March 3, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002523-2013

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 13, 2017**

Appellant, James Jumah Robinson, appeals from the judgment of sentence entered on March 3, 2016, in the Court of Common Pleas of Berks County. Additionally, Robinson's court-appointed counsel, Abby L. Rigdon, Esquire, has filed a petition to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm Robinson's judgment of sentence and grant counsel's petition to withdraw.

This case returned to the trial court after an *en banc* panel of this Court reversed Robinson's conviction for receiving stolen property, vacated his judgment of sentence, and remanded for resentencing on the remaining

_____

[*] Retired Senior Judge assigned to the Superior Court.

firearms conviction, 18 Pa.C.S.A. § 6106(a)(1). *See Commonwealth v. Robinson*, 128 A.3d 261 (Pa. Super. 2015) (*en banc*). On remand, the trial court resentenced Robinson to a period of imprisonment of 42 months to seven years. Douglas J. Waltman, Esquire, filed a post-sentence motion on Robinson's behalf and in that motion sought to withdraw as counsel. The trial court granted the motion to withdraw as counsel and appointed Attorney Rigdon. The trial court later denied the post-sentence motion. And this timely appeal followed.

Attorney Rigdon has complied with the mandated procedure for withdrawing as counsel. *See Santiago*, 978 A.2d at 361 (articulating *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Robinson has filed two letters in this Court in response to counsel's petition to withdraw.

Counsel has identified two issues in the *Anders* brief that Robinson believes entitle him to relief: a challenge to the discretionary aspects of sentencing and trial counsel's ineffective assistance. We begin with the latter.

Robinson's letters to this Court detail his theories on trial counsel's ineffective assistance. *See* Letters, filed 11/21/16 and 12/5/16. This is Robinson's direct appeal. Apart from two limited exceptions not pertinent

here, claims of ineffective assistance of counsel cannot be raised on direct review. ***See Commonwealth v. Holmes***, 79 A.3d 562, 563 (Pa. 2013). Accordingly, Robinson cannot now raise allegations of trial counsel's ineffective assistance. The allegations must await collateral review.

The discretionary aspects of sentencing claim, as framed in the Rule 2119(f) statement, is that the sentence "is manifestly excessive and grossly disproportionate to the crime charged…." Appellant's Brief, at 5. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (citation omitted). The post-sentence motion did not challenge the sentence on this basis. ***See*** Post-Sentence Motion to Vacate Sentence, filed 3/3/16, at ¶¶ 1-2.

Ordinarily, we would find this sentencing claim waived. ***See Shugars***. And would have further noted that the claim would not even have raised a substantial question for our review. ***See Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa. Super. 2002) ("[A] bald allegation that a sentence is excessive does not raise a substantial question.") But in light of counsel's petition to withdraw, we must address Robinson's contention. ***See Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa. Super. 2009) (stating

that where counsel files an **Anders** brief, this Court will review discretionary aspects of sentencing claims that were otherwise not properly preserved).

> Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

**Commonwealth v. Downing**, 990 A.2d 788, 792-793 (Pa. Super. 2010) (citation omitted).

The trial court imposed a sentence within the standard range of the sentencing guidelines. The standard range sentence is presumptively reasonable. **See**, **e.g.**, **Commonwealth v. Fowler**, 893 A.2d 758, 767 (Pa. Super. 2006). As the sentence was within the standard range, to succeed on this claim, Robinson has to show that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). That is simply not the case here. The sentence is in no way excessive. Thus, Robinson's challenge to the discretionary aspects of his sentence fails.

After examining the issues contained in the **Anders** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2017