J-S81041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERRICK SCHANCK, | |
| Appellant | No. 819 MDA 2017 |

Appeal from the Judgment of Sentence April 18, 2017
in the Court of Common Pleas of Luzerne County
Civil Division at No.: 13279-2016

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:              **FILED MARCH 08, 2018**

Appellant, Errick Schanck, appeals from the judgment of sentence imposed after his conviction of indirect criminal contempt for his violation of a protection from abuse (PFA) order.  Trial counsel has petitioned to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition.

We take the following facts and procedural background from our independent review of the certified record.  On December 28, 2016, Complainant, Nikki Borrero, filed a petition for a PFA order against Appellant,

_____

[*] Retired Senior Judge assigned to the Superior Court.

her ex-husband and the father of her children. The court filed a temporary order that day and, on January 5, 2017, a final PFA order was filed against Appellant, for a period of one year. Pursuant to the final order, Appellant was prohibited from having any contact with Complainant. (**See** Final PFA Order, 1/05/17, at 2 ¶¶ 3-4).

One week later, on January 12, 2017, Appellant violated the PFA order by appearing at Complainant's residence. The court issued a bench warrant for Appellant's arrest, and held a hearing thereafter on March 28, 2017. As a result of testimony it heard, the court convicted Appellant of indirect criminal contempt, sentenced him to six months' incarceration, and extended the PFA order to a period of three years. Appellant's post-sentence motion was denied and he timely appealed.[1] On October 20, 2017, counsel filed a petition for leave to withdraw and an **Anders** brief on the basis that the appeal is frivolous. Appellant has not responded.

Before reaching Appellant's issues, we must consider counsel's request to withdraw. **See Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

The standard of review for an **Anders** brief is well-settled.

---

[1] On June 21, 2017, counsel filed a timely statement of intent to file an **Anders** brief in lieu of filing a statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(c)(4). The court filed an opinion on September 7, 2017. **See** Pa.R.A.P. 1925(a).

Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Id.* (citations and quotation marks omitted). Further, our Supreme Court ruled in *Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

Instantly, counsel's *Anders* brief and application to withdraw substantially comply with the applicable technical requirements and reveal that she has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" *Lilley*, *supra* at 997 (citation omitted). Additionally, the record establishes that counsel served Appellant with a copy of the *Anders* brief and application to withdraw, and a letter of notice, which advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court. *See id.*; (*see also* Petition for Leave to Withdraw as Counsel, 10/20/17, Exhibit A, at 1). Further, the application and brief cite "to anything that arguably might support the appeal[.]" *Lilley*, *supra* at 997 (citation omitted); (*see also Anders* Brief,

at 4-7). As noted by our Supreme Court in **Santiago**, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of **Anders**. **See Santiago**, **supra** at 360-61.

Having concluded that counsel's petition and brief substantially comply with the technical **Anders** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Lilley**, **supra** at 998 (citation omitted).

The **Anders** brief raises two questions for our review:

[1.] Whether the trial court abused its discretion in finding [Appellant] guilty of indirect criminal contempt where the Commonwealth failed to prove that all four (4) elements of indirect criminal contempt were perpetrated by [Appellant] in violation of the PFA[?]

[2.] Whether the verdict was against the weight of the evidence presented[?]

(**Anders** Brief, at 2).

Appellant's first issue challenges the sufficiency of the evidence to support his conviction. (**See id.**). Our standard of review of this matter is well-settled.

The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Wanner*, 158 A.3d 714, 717-18 (Pa. Super. 2017) (citation omitted).

A charge of indirect criminal contempt consists of a claim that a violation of an Order or Decree of court occurred outside the presence of the court. Where a PFA order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order. As with those accused of any crime, one charged with indirect criminal contempt is to be provided the safeguards which statute and criminal procedures afford. To establish indirect criminal contempt, the Commonwealth must prove: 1) the Order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the Order; (3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.

*Commonwealth v. Brumbaugh*, 932 A.2d 108, 110 (Pa. Super. 2007) (citations and quotation marks omitted).

Instantly, Appellant admitted he was aware of the PFA order and that it was clear that he was not to have any contact with Complainant. (*See* N.T. Hearing, 3/28/17, at 13). However, the court found that Complainant credibly testified that Appellant voluntarily knocked on her door on the evening of January 12, 2017, and requested that she let him inside. (*See id.* at 4, 18). Finally, Appellant's wrongful intent can be imputed from the fact that he knew with "substantial certainty" that, by approaching the front door of her home,

Appellant would come into contact with Complainant. ***Brumbaugh***, ***supra*** at 111.

Accordingly, we conclude that the trial court properly found that the Commonwealth produced sufficient evidence to establish each element of indirect criminal contempt. ***See Wanner***, ***supra*** at 717-18. Hence, Appellant's first issue is frivolous.

In his second issue, Appellant challenges the weight of the evidence to support his conviction. (***See Anders*** Brief, at 2). This issue also is frivolous.

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> *    *    *
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017), *appeal denied*, 171 A.3d 1286 (Pa. 2017) (citation omitted). "To successfully challenge the weight of the evidence, a defendant must prove the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court." ***Id.*** (citation and internal quotation marks omitted).

Instantly, Appellant testified that he did not violate the PFA order by going to Complainant's home. (***See*** N.T. Hearing, at 13). However, the trial

court found that Complainant testified credibly to the contrary. Because this finding has record support, we conclude that the court properly exercised its discretion in deciding that the verdict was not against the weight of the evidence or shocking to the judicial conscience. ***See Windslowe***, ***supra*** at 712.

Therefore, based on our own independent review of the record, we conclude that Appellant's claims are "wholly frivolous" and do not merit relief. ***Lilley***, ***supra*** at 998 (citation omitted). Additionally, we find no other non-frivolous issues that would merit relief.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2018