J-S48025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNY T. BRANFORD | |
| Appellant | No. 2018 MDA 2016 |

Appeal from the Judgment of Sentence Entered November 2, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0002592-2015

BEFORE:  OTT, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 27, 2018**

Appellant Johnny T. Branford appeals from the November 2, 2016 judgment of sentence entered in the Court of Common Pleas of Berks County ("trial court"), following his jury convictions of two counts of first degree murder, two counts of third degree murder, theft by unlawful taking, access device fraud, possessing instruments of crime, and unauthorized use of an automobile.[1] Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we remand due to counsel's failure to comply with the substantive requirements of **Santiago**.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 2502(c), 3921(a), 4106(a)(1)(ii), 907(a), and 3928(a), respectively.

Following Appellant's counseled filing of a notice of appeal, on December 6, 2016, the trial court ordered him to file a Pa.R.A.P. 1925(b) statement within twenty-one days. Appellant failed to comply. On May 19, 2017, Appellant's counsel, Jacob Gurwitz, filed in this Court an **Anders** brief, claiming that Appellant's convictions were supported by sufficient evidence. On May 24, 2017, Attorney Gurwitz filed a petition to withdraw as counsel.

On appeal, the Commonwealth correctly pointed out that at no point did Attorney Gurwitz file a Rule 1925(b) statement in accordance with the trial court's December 6, 2016 order. In response, on August 1, 2017, a panel of this Court issued a memorandum decision remanding this case to the trial court with instruction to direct Appellant to file a Rule 1925(b) statement *nunc pro tunc* within twenty-one days of the trial court's receipt of the record from the Superior Court's Prothonotary. We also instructed the trial court to prepare and file a detailed Pa.R.A.P. 1925(a) opinion within sixty days of the filing of the Rule 1925(b) statement.

On August 14, 2017, the trial court issued an order directing Appellant to file a Rule 1925(b) statement. On August 16, 2017, Attorney Gurwitz filed a Rule 1925(b) statement. On August 28, 2017, the trial court permitted Attorney Gurwitz to withdraw from the case. On the same day, the trial court issued an order appointing John Fielding, Esquire, to represent Appellant on direct appeal. On August 29, 2017, the trial court issued another order directing Appellant to file a Rule 1925(b) statement. On September 28, 2017, Attorney Fielding filed an "application for extension of time to file concise

statement *nunc pro tunc*."  On September 29, 2017, the trial court granted the extension motion.  On October 30, 2017, Attorney Fielding filed a second motion for extension of time to file a Rule 1925(b) statement *nunc pro tunc*. On November 1, 2017, the trial court granted the second motion.  On December 14, 2017, instead of filing a court-ordered Pa.R.A.P. 1925(b) statement, Attorney Fielding filed a statement of intent to file an **Anders** brief under Pa.R.A.P. 1925(c)(4).[2]  On January 2, 2018, the trial court issued a two-page Pa.R.A.P. 1925(a) opinion, concluding that no meritorious issues exist for purposes of direct appeal.

Attorney Fielding, however, failed to file an **Anders** brief consistent with Rule 1925(c)(4) and an Application to Withdraw.  Thus, on January 18, 2018, we issued an order, directing Attorney John Fielding to file in this Court, within fourteen days of the date of our order, an Application to Withdraw and an **Anders** brief, or a Rule 1925(b) statement of errors complained of on appeal in the trial court.

---

[2] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [**Anders**] brief in lieu of filing a Statement.  If, upon review of the [**Anders**] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both.  Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

Because Attorney Fielding failed to comply with our January 18, 2018 order, we issued another order on February 14, 2018 remanding this case to the trial court for a period of thirty days to hold a hearing to determine whether Attorney Fielding had abandoned Appellant and to take any further action as required to protect Appellant's right to appeal.

On February 20, 2018, Attorney Fielding filed an **Anders** brief in this Court,[3] raising a single assertion of error: "Did the trial court err in finding that there were no non-frivolous issues to [sic] for appeal."[4] **Anders** Brief at 5. In the argument section of his **Anders** brief, however, Attorney Fielding raised three specific issues. First, he argues, without specifying the crime or elements of the crime, that the evidence was sufficient to convict Appellant of two counts of first degree murder, two counts of third degree murder, theft by unlawful taking, access device fraud, possessing instruments of crime, and unauthorized use of an automobile. Second, Attorney Fielding claimed that Appellant did not have an appealable, non-frivolous weight of the evidence issue. Finally, Attorney Fielding claims Appellant cannot raise a claim for ineffective assistance of counsel on direct appeal.

---

[3] We are troubled by Attorney Fielding's statement in his **Anders** brief that "[a]t no time has Appellant been in contact with [Attorney Fielding] to discuss any issues" raised on appeal. **Anders** Brief at 7. Attorney Fielding has an obligation to contact his client prior to filing a brief in this Court. Moreover, Attorney Fielding fails to mention in his recitation of the facts how the victims in this case were killed. The factual history lacks detail and substance.

[4] On February 26, 2018, Attorney Fielding filed an Application to Withdraw in this Court.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and her **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1***) provide a summary of the procedural history and facts, with citations to the record**; (2) **refer to anything in the record that counsel believes arguably supports the appeal**; (3) **set forth counsel's conclusion that the appeal is frivolous**; and (4) **state counsel's reasons for concluding that the appeal is frivolous**. **Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous**.

**Santiago**, 978 A.2d at 361 (emphasis added). Here, our review of counsel's brief indicates that he has failed to comply in any meaningful way with the briefing requirements of **Santiago** and our rules of appellate procedure relating to briefing. **See** Pa.R.A.P. 2111-2119. Specifically, the **Anders** brief lacks, among other things, a coherent statement of the questions involved, a detailed statement of the case (facts and procedural history) with citation to the record, and an argument section that discusses the issues raised in the statement of questions involved with citations to the record and proper and controlling legal authority. We, therefore, conclude that Attorney Fielding has failed to satisfy the minimum requirements of **Anders**/**Santiago**.

As a result, we direct Attorney Fielding either to re-file his **Anders** brief in this Court consistent with the substantive requirements of **Santiago**, or to file a Rule 1925(b) statement in the trial court within thirty days of this decision. If Attorney Fielding files a Rule 1925(b) statement, the trial court is directed to file and prepare a detailed Rule 1925(a) opinion within sixty days of the filing of the Rule 1925(b) statement. Within thirty days of the trial court's issuance of a Rule 1925(a) opinion, Attorney Fielding shall file an advocate's brief that is compliant with our rules of appellate procedure.

Case remanded.  Jurisdiction retained.