J-S16031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : : | |
| v. | : : | |
| RONALD ALSTON, JR. | : : : | No. 1736 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence September 14, 2017
in the Court of Common Pleas of Luzerne County
Criminal Division at No.:  CP-40-CR-0000257-2017

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                **FILED APRIL 02, 2018**

Appellant, Ronald Alston, Jr., appeals from the judgment of sentence imposed pursuant to his negotiated guilty plea to aggravated assault of a corrections officer, 18 Pa.C.S.A. § 2702(a)(3).  Counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition.

On September 14, 2017, Appellant entered a negotiated guilty plea with the assistance of counsel, to the foregoing charge.  The prosecutor put the terms of the agreement on the record, as follows:

> The parties have reached an agreement where [Appellant] will plead guilty as follows.  Count one, aggravated assault of a [c]orrections [o]fficer, a felony of the second degree, ten years, $25,000  maximum  penalty.     No  restitution  is  owed.

_____
*   Retired Senior Judge assigned to the Superior Court.

Commonwealth and defense agree, subject to court approval, to a sentence of 21 to 42 months, **consecutive to his current sentences**. Any other charges not listed on the guilty plea from the criminal information are withdrawn. [Appellant] to pay costs. No further agreement as to sentence.

(N.T. Guilty Plea and Sentencing, 9/14/17, at 2) (emphasis added). The court then conducted a colloquy of Appellant in which he agreed that he understood the maximum sentence to which he was exposed and the terms of the agreed upon sentence; that he reviewed the terms of the plea agreement with his attorney; that he understood the trial rights he was giving up by pleading guilty; that he was not forced to enter the plea; and that he was not promised anything other than the plea agreement. (***See id.*** at 2-5). Immediately thereafter, the trial court accepted the plea, found that it was voluntarily given, and that there was a factual basis for it.[1] (***See id.*** at 6). It then imposed the agreed-upon sentence. (***See id.*** at 7).

On September 19, 2017, Appellant filed a counseled motion for reconsideration of sentence in which he requested that the instant sentence run concurrently with one previously imposed. On October 10, 2017, the trial court denied the motion. Appellant timely appealed on November 7, 2017. On November 21, 2017, Appellant's counsel filed a statement of intent to file

---

[1] Appellant admitted that, on October 30, 2016, while he was an inmate at SCI-Dallas, he struck corrections officer, Captain Martin, resulting in a laceration to the officer's face and a fracture of Captain Martin's right index finger. (***See*** N.T. Guilty Plea and Sentencing, at 4).

an *Anders* brief. *See* Pa.R.A.P. 1925(c)(4). The court issued an opinion on December 8, 2017. *See* Pa.R.A.P. 1925(a).[2] On January 26, 2018, counsel filed an *Anders* brief and petition to withdraw. Appellant has not responded.

Before reaching Appellant's issues, we must consider counsel's request to withdraw. *See Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

> The standard of review for an *Anders* brief is well-settled.
>
> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
>> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Id.* (citation omitted). Further, our Supreme Court ruled in *Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

---

[2] Appellant's appointed counsel from the Luzerne County Public Defender's Office, Amanda M. Young, Esquire, withdrew her appearance on January 26, 2018, and current appointed counsel from the same office, Robert Buttner, Esquire, filed the *Anders* brief and petition to withdraw.

Instantly, counsel's **Anders** brief and application to withdraw substantially comply with the applicable technical requirements and reveal that he has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" **Lilley**, **supra** at 997 (citation omitted). Additionally, the record establishes that counsel served Appellant with a copy of the **Anders** brief and application to withdraw, and a letter of notice, which advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court. **See id.**; (**see also** Petition for Leave to Withdraw as Counsel, 1/26/18, Exhibit A, at 1). Further, the application and brief cite "to anything that arguably might support the appeal[.]" **Lilley**, **supra** at 997 (citation omitted); (**see also Anders** Brief, at 4). As noted by our Supreme Court in **Santiago**, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of **Anders**. **See Santiago**, **supra** at 360-61.

Having concluded that counsel's petition and brief comply with the technical **Anders** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Lilley**, **supra** at 998 (citation omitted).

The **Anders** brief raises one issue for our review. "Whether the imposition of a consecutive 21 month to 42 month sentence in a state correctional institution, which is the result of a plea agreement, is harsh and

excessive when [Appellant] took responsibility by pleading guilty[?]" (**Anders** Brief, at 1).

Appellant's issue challenges the discretionary aspects of his sentence. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). Further, when

> the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process[.]

**Id.** (citation omitted).

Instantly, Appellant, with the assistance of counsel, negotiated the terms of his guilty plea, including the specific duration of the sentence, and the fact that it would run consecutively to any sentence he was then-serving. (**See** N.T. Guilty Plea and Sentencing, at 2). The trial court sentenced him to the agreed-upon plea. (**See** Trial Court Opinion, 12/08/17, at 1; **see** N.T. Guilty Plea and Sentencing, at 7). Appellant's issue does not challenge the court's jurisdiction, the legality of his sentence, or the validity of his plea, and

he waived any challenge to the discretionary aspects of his sentence by entering the negotiated guilty plea.  **See Morrison**, **supra** at 290.

Therefore, based on our own independent review of the record, we conclude that Appellant's claim is "wholly frivolous" and does not merit relief.  **Lilley**, **supra** at 998 (citation omitted).  Additionally, we do not find any non-frivolous issues that would merit relief.

Judgment of sentence affirmed.  Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/2/2018