J-S36033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN WILLIAM LAWRENCE | : | |
| | : | |
| Appellant | : | No. 1913 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 5, 2018
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000444-2013

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                **FILED JULY 16, 2019**

Benjamin William Lawrence (Lawrence) appeals from the judgment of sentence entered in the Court of Common Pleas of Wyoming County (trial court) after a resentencing hearing. Lawrence's appointed counsel seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's application to withdraw and affirm the judgment of sentence.

We take the following pertinent facts and procedural history from our independent review of the certified record and the trial court's January 2, 2019

_____

* Retired Senior Judge assigned to the Superior Court.

opinion. On December 14, 2015,[1] a jury convicted Lawrence of nineteen counts of sexual assault[2] perpetrated against his two stepdaughters. The trial court sentenced Lawrence to an aggregate term of not less than 120 nor more than 240 months' incarceration. On appeal, we affirmed the conviction but vacated Lawrence's sentence and remanded for the court to resentence him without considering the mandatory minimums.[3] On October 5, 2018, the trial court resentenced Lawrence to the same term of incarceration, but did not invoke the mandatory minimum sentences. Lawrence timely appealed and complied with Rule 1925. *See* Pa.R.A.P. 1925(b). Appointed appellate counsel has filed an *Anders* brief and an application to withdraw.

---

[1] A December 15, 2014 trial resulted in a hung jury.

[2] The charges included two counts each of Rape of a Child, 18 Pa.C.S. § 3121(c); Involuntary Deviate Sexual Intercourse (IDSI) with a Child, 18 Pa.C.S. § 3123(b); IDSI-Person Less than 13 Years of Age, 18 Pa.C.S. § 3123(a)(7); Statutory Sexual Assault, 18 Pa.C.S. § 3122.1(b); Aggravated Indecent Assault of Person Under 16, 18 Pa.C.S. § 3125(a)(8); Indecent Assault of a Person Less than 13 Years of Age, 18 Pa.C.S. § 3126(a)(7); Indecent Assault of a Person Less than 16 Years of Age, 18 Pa.C.S. § 3126(a)(8); Corruption of Minors where Defendant Age 18 or Above, 18 Pa.C.S. § 6301(a)(1)(ii); and Corruption of Minors, 18 Pa.C.S. § 6301(a)(1)(i); and one count of Rape by Forcible Compulsion, 18 Pa.C.S. § 3121(a)(1).

[3] Lawrence was sentenced to mandatory-minimum sentences pursuant to 42 Pa.C.S. § 9718. In *Commonwealth v. Wolfe*, 140 A.3d 651,663 (Pa. 2016), our Supreme Court held that "[s]ection 9718 is irremediably unconstitutional on its face, non-severable, and void." Because any sentence utilizing these provisions was illegal necessarily, we needed to vacate his sentence.

Before reaching Lawrence's issue, we must consider counsel's request to withdraw. *See Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009). It is well-settled that:

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> > (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Id.* (citations omitted). Further, our Supreme Court ruled in *Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

Counsel's *Anders* brief and application to withdraw substantially comply with the applicable technical requirements and reveal that he has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" *Lilley*, *supra* at 997 (citation omitted). Additionally, the record establishes that counsel served Lawrence with a copy of the *Anders* brief and application to withdraw, and a letter of notice, which advised him of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court. *See id.*; (*see also* Application to Withdraw as Counsel, 5/04/19, Exhibit A, at 1). Also, the application and brief cite "to anything that

- 3 -

arguably might support the appeal[.]" **Lilley**, **supra** at 997 (citation omitted); (**see also Anders** Brief, at 3-15). As noted by our Supreme Court in **Santiago**, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of **Anders**. **See Santiago**, **supra** at 360-61.

Having concluded that counsel's petition and brief comply with the technical **Anders** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Lilley**, **supra** at 998 (citation omitted).

Lawrence maintains that the trial court abused its discretion when it imposed the same aggregate sentence after this Court remanded for resentencing without application of the mandatory minimum sentences. (**See Anders** Brief, at 2, 9-15). He argues that the court was vindictive when it ordered some sentences to run consecutively, and in failing to consider that, he possessed a prior record score of "0." (**See id.** at 9-12).

It is well-settled that:

When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the

sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Hill***, 66 A.3d 365, 368 (Pa. Super. 2013) (case citations omitted) (emphases in original).

Here, Lawrence has included a Rule 2119(f) statement that alleges the court abused its discretion by failing to consider mitigating factors such as his prior record score and criminal history, and by imposing a vindictive and excessive sentence that included the imposition of consecutive terms. (***See Anders*** Brief, at 9-12). This claim raises a substantial question, but we agree with counsel that it is frivolous. ***See Commonwealth v. Hill***, ____ A.3d ____, 2019 WL 2204340, at *9 (Pa. Super. filed May 22, 2019) (finding appellant's claim of failure to consider mitigating factors combined with claim of excessive sentence raises substantial question).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted). "In this context, an abuse of discretion is not shown merely by an error in judgment." ***Id.*** (citation omitted). "Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised

its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* (citation omitted).

Here, in explaining its reasons for resentencing Lawrence in the manner in which it did, the trial court stated:

> In resentencing [Lawrence], this [c]ourt did not invoke a mandatory minimum sentence. [Lawrence] was sentenced within the standard range of the Pennsylvania Sentencing Guidelines. The reasons for this [c]ourt's sentence were a result of [Lawrence's] violation of trust with his adopted children, his failure to take responsibility, and the number of victims involved. Not all of [Lawrence's] sentences were ordered to run consecutively. Those that were ordered to run consecutively were the result of there being more than one victim.

(Trial Court Opinion, 1/02/19, at 2).

We discern no abuse of discretion. Additionally, our review of the notes of testimony in this matter reveals that, before resentencing Lawrence, the court allowed him to make a statement and considered the arguments of counsel, including the claim that his prior record score of "0" and his recent history should mitigate the length of his sentence. (*See* N.T. Resentencing, 10/05/18, at 21-25). The transcript also reflects that the court sentenced Lawrence within the standard guideline range. (*See id.* at 26-33). It found that the individual terms of incarceration were consistent with its prior sentencing practices and that "[a]ny lesser [] sentence would depreciate the serious nature of the offense and [Lawrence's violation of] the trust between a father and an adopted daughter." (*Id.* at 27-28; *see id.* at 26-33). We

agree; particularly where the jury convicted Lawrence of nineteen counts related to his rape and other sexual abuse of the girls.

Accordingly, we conclude that the trial court did not abuse its discretion in resentencing Lawrence and concur with counsel's determination that Lawrence's issue on appeal is frivolous. **See Antidormi**, **supra** at 760; **Lilley**, **supra** at 998. Additionally, we find no other non-frivolous issues that would merit relief.

Judgment of sentence affirmed. Counsel's application to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/16/2019