J-S64037-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CANDY ANN SLIKER | : | |
| | : | |
| Appellant | : | No. 968 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 5, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000653-2018

BEFORE:  BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                FILED DECEMBER 10, 2019

Candy Ann Sliker (Sliker) appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County (trial court) after her conviction of Driving Under the Influence (DUI), General Impairment, 75 Pa.C.S. § 3802(a)(1), and related charges.[1]  Sliker's counsel seeks to withdraw from representation pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The related charges included DUI, Highest Rate, 75 Pa.C.S. § 3802(c); Driving Vehicle at Unsafe Speed, 75 Pa.C.S. § 33361; and Disorderly Conduct, 18 Pa.C.S. § 5503.

We take the following background facts and procedural history from the trial court's August 8, 2019 opinion and our independent review of the record. The Commonwealth charged Sliker with the above crimes for an incident that occurred on January 24, 2018, at approximately 10:56 P.M.

At the March 29, 2019 bench trial, Edwin Bogert (Bogert) testified that on the night in question, he called 911 because he heard a crash, observed snow flying, and saw a pickup truck cross Sciota Street before it rested in a swamp on the side of the road. (See N.T. Trial, 3/29/19, at 7-8). Officers Brett Sproveri and Jordan Kitchen of the Corry City Police Department testified that they were dispatched to the scene. (See id. at 13, 36-37). At the scene, the officers observed Sliker standing thigh-deep in swampy water on the driver's side of a partially submerged blue pickup truck, which later was determined to be registered to her. (See id. at 14-15, 17, 37).

Once the officers exited their vehicle, Sliker immediately asked them if they had caught the driver. (See id. at 15, 37). In spite of this question, the officers did not see any evidence that any other person had been present. Officer Sproveri testified that as he and Officer Kitchen approached Sliker, they were breaking the thin ice, but there was no broken ice evidencing that anyone had fled from the vehicle and "no evidence whatsoever that there was another occupant in that vehicle." (Id. at 16). Officer Kitchen testified to the same observations. (See id. at 37) (Officer Kitchen stating that that he did not observe any sign that anyone else had either been in the vehicle or fled

the scene, noting there were no "footprints, any disturbed brush, [nor] any broken ice."); (see also id. at 8) (Bogert testifying he did not observe anyone leave the vehicle and only saw Sliker exit it when the police arrived.).

As the officers approached Sliker to assist her out of the water, they detected a strong odor of alcohol emanating from her and they noted that her speech was slurred. (See id. at 18, 24-25, 37). Sliker stated that she thought she had sustained a back injury and some other minor injuries. (See id. at 18). The officers called an ambulance to transport Sliker to Corry Memorial Hospital. (See id.).

When informed by Officer Sproveri at the hospital that she would be arrested for DUI based on evidence that she was intoxicated and had been driving the vehicle, Sliker "began screaming profanities, [and became] very belligerent [and] uncontrollable". (Id at 26; see id. at 25, 38). As the officer read her the DL-26 chemical test warning for a blood draw, Sliker "continued to yell, scream, [and] holler." (Id. at 27). The officers contacted their supervisor, Sergeant Tommy Bebee. He came to the hospital and, as he read the DL-26 form to Sliker again, she "began hitting and trying to strike [him,] mak[ing] contact with him a couple of times[.]" (Id. at 28). Ultimately, Sliker refused the blood test. (See id.). Following the refusal, the officers obtained a search warrant and testing revealed that Sliker's BAC was 0.187%. (See id. at 28-29).

Sliker testified that she was not operating the pickup truck on the night in question and only drank two beers and a shot in the two-and-a-half hours prior. (See N.T. Trial, supra at 42, 44). She maintained that the individual who had been driving fled the scene after the accident because he was not permitted to drive. (See id. at 46). Sliker's best friend, Vera Campbell, stated that she was drinking with Sliker for several hours and then saw her get in her pickup truck with an unknown individual in the driver's seat. (See id. at 55-58).

At the conclusion of the non-jury trial, based on its consideration of the evidence, the court stated that there was "no doubt in [its] mind that [Sliker] was the driver of her own truck that evening, and was intoxicated." (N.T. Trial, at 62). It found the testimony of Sliker and Campbell to be incredible and found the testimony of Bogert and Officers Sproveri and Kitchen to be "one hundred percent credible." (Id. at 63).

The court sentenced Sliker to six months in a restrictive intermediate punishment program with thirty days electronic monitoring and one year of probation. Sliker filed a timely notice of appeal and counsel filed a statement of intent to file an Anders brief in lieu of a Rule 1925(b) statement. See Pa.R.A.P. 1925. Appointed counsel has filed an Anders brief and petition to withdraw.

Before reaching Sliker's issue, we must consider counsel's request to withdraw. See Commonwealth v. Lilley, 978 A.2d 995, 997 (Pa. Super. 2009). It is well-settled that:

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

Id. (citations omitted). Further, our Supreme Court ruled in Santiago, supra, that Anders briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" Santiago, supra at 360.

Instantly, counsel's Anders brief and application to withdraw substantially comply with the applicable technical requirements and reveal that he has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" Lilley, supra at 997 (citation omitted). Additionally, the record establishes that counsel served Sliker with a copy of the Anders brief and application to withdraw and a letter of notice, which advised her of her right to retain new counsel or to proceed pro se and raise additional issues to this Court. See id.; (see also Petition for Leave to Withdraw as Counsel, 9/23/19, Exhibit A, at 1). In addition, the petition and

brief cite "to anything that arguably might support the appeal[.]" Lilley, supra at 997 (citation omitted); (see also Anders Brief, at 4-8). As noted by our Supreme Court in Santiago, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of Anders. See Santiago, supra at 360-61.

Having concluded that counsel's petition and brief comply with the technical Anders requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." Lilley, supra at 998 (citation omitted).

Sliker argues that the Commonwealth failed to provide sufficient evidence to sustain the DUI convictions. (See Anders Brief, at 6-7). Specifically, she maintains that the Commonwealth did not establish that she was driving the vehicle on the night in question. (See id.).[2]

_____

[2] "The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt." Commonwealth v. Bowen, 55 A.3d 1254, 1260 (Pa. Super. 2012) (citation omitted). "In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." Id. (citation omitted). "Any doubts regarding a defendant's guilt may be resolved by a fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." Id. (citation omitted). "The Commonwealth may sustain its burden of proving every element of the crime

To establish the crime of DUI, General Impairment and Highest Rate, the Commonwealth must prove that the defendant "was driving, operating, or in actual physical control of the movement of a vehicle" and that her blood alcohol was over 0.16% within two hours of her driving. See Commonwealth v. Teems, 74 A.3d 142, 145 (Pa. Super. 2013), appeal denied, 79 A.3d 1098 (Pa. 2013) (citation omitted); see also 75 Pa.C.S. §§ 3802(a)(1), (c).

In support of its case, the Commonwealth may offer evidence of "the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech." Teems, supra at 145 (citation omitted). "The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony." Id. (citation omitted).

Here, the Commonwealth offered evidence that upon their arrival at the scene of the accident, Officers Sproveri and Kitchen observed that Sliker was the only individual present, with no evidence that anyone else had been in the

---

beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered." Id. (citation omitted). "Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." Id. (citation omitted).

truck or had fled the scene. Sliker was standing thigh-deep in a swamp on the driver's side of her partially submerged pickup truck. She smelled of alcohol and slurred her speech. Before landing in the swamp to the west side of the road, the pickup truck had struck a snowbank on the east side of the road, gone out of control, and crossed the roadway. Upon being told that she was being arrested for DUI, Sliker became very belligerent, verbally and physically assaulting the police at the hospital. A blood test performed after the execution of a search warrant revealed that Sliker's BAC was 0.187%.

Importantly, the trial court found the above evidence presented by the Commonwealth witnesses 100% credible, and Sliker and her version of events wholly incredible, a finding we will not disturb where it is supported by the record. See Commonwealth v. Lynn, 192 A.3d 194, 199 (Pa. Super. 2018) ("Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court.") (citation omitted); see also Bowen, supra at 1260.

Therefore, we conclude, based on the foregoing evidence, that the trial court properly found it was sufficient to support a conviction of DUI-General Impairment and Highest Rate. We concur with counsel's determination that Sliker's issue on appeal is wholly frivolous. See Bowen, supra at 1260; Lilley, supra at 998. Additionally, we find no other non-frivolous issues that would merit relief.

Judgment of sentence affirmed.  Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2019