J-S35020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD GARRETT | |
| Appellant | No. 3323 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 20, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0006794-2017

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED SEPTEMBER 19, 2019**

Appellant Richard Garrett appeals from the August 20, 2018 judgment of sentence entered in the Court of Common Pleas of Buck County ("trial court"), following his bench conviction for one count of terroristic threats.[1] Appellant's counsel, Michael J. Lacson, Esquire, has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2706(a)(1).

The facts and procedural history of this case are undisputed. On July 17, 2017, Appellant was charged with, *inter alia*, terroristic threats.[2] Following a preliminary hearing, the charges were held for trial. Appellant waived his rights to a jury trial. At trial, the Commonwealth presented the testimony of Charles Moye, Jr., among others. As summarized by the trial court:

> [Mr. Moye] testified that he is the neighbor of [Appellant], living in the adjacent townhouse in Levittown, Pennsylvania. [Mr. Moye] asserted that on June 28, 2017, at approximately 8:15am, [Appellant] came on to [Mr. Moye's] property and appeared to be either placing or removing an object from [the] front step. When Mr. Moye inquired as to [Appellant's] purpose and told him to leave his property, [Appellant] responded "Don't worry about what the fuck I'm doing on your property. I'll come up there and fuck you up again like I did before." Mr. Moye testified that he believes this was referencing an incident several years earlier when [Appellant] confronted Mr. Moye, who was returning home from outpatient surgery, on their shared residential walkway and punched [Mr. Moye] in the jaw.
>
> According to Mr. Moye, at that time he warned [Appellant] not to come into his house, and [Mr. Moye told Appellant] he had a licensed firearm with which he would defense [sic] himself. Mr. Moye testified that the [Appellant] responded:
>
> > You're not going to shoot anybody; you're not from the streets; you never been in a jail before. You're not going to do anything to me. You're not a real man because you haven't been in prison before . . . the only thing you're going to do is go see Judge Kline. She's not going to do anything but give me a fine, and the cops aren't going to do anything.
>
> As he left the property, [Appellant] further remarked, "I know what time you leave in the morning and I'm going to stab you in your fucking back." Mr. Moye is a dialysis patient, who leaves the house regularly at 5:00 a.m. to makes [sic] his appointments. [Appellant] has previously confronted him and pushed him when he has been leaving the house for these early-morning appointments.

---

[2] Appellant also was charged with harassment (18 Pa.C.S.A. § 2709(a)(1)) and disorderly conduct (18 Pa.C.S.A. § 5503(a)(1)). Because he ultimately was acquitted of these charges, they are not a subject of this appeal.

Trial Court Opinion, 1/4/19, at 2-3 (record citations omitted). In response, Appellant testified in his own defense. As the trial court recounted:

> [Appellant] categorically denied having any interaction with Mr. Moye on June 28, 2017. He denied being in Mr. Moye's yard at any point that day. He further denied having punched Mr. Moye in the mouth in the earlier incident. He agreed that there had been multiple past confrontations between himself and Mr. Moye, but denied any fault. He denied having ever struck Mr. Moye and asserted that he had refrained from doing so because of his excellent control of his temper. [Appellant] further insisted that his physical prowess was such that he would severely injure Mr. Moye if he chose to attack him.

*Id.* at 3 (record citations omitted). Finding Mr. Moye's version of the events more credible, the trial court found Appellant guilty of terroristic threats. On August 20, 2018, the trial court sentenced Appellant to four to fourteen months' incarceration. The court directed that Appellant undergo a mental health evaluation and fully comply with any treatment recommendations. Further, the trial court recommended that Appellant not be paroled until and unless he was mentally stable and did not pose a threat to himself or others. Finally, the court ordered that Appellant have no contact with Mr. Moye for the term of his sentence. Appellant filed a motion for reconsideration of sentence, which the trial court denied following a hearing on October 22, 2018. Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising a sufficiency of evidence claim. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On April 22, 2019, Appellant's counsel filed in this Court a motion to withdraw as counsel and filed an *Anders* brief, wherein counsel repeats the

sufficiency of the evidence claim: "Was the evidence presented at trial sufficient to support a conviction for terroristic threats?" ***Anders*** Brief at 4.

When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. ***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his ***Anders*** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant's sole issue on appeal implicates the sufficiency of the evidence underlying his conviction for terroristic threats. It is settled that "[a] claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by

> the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).

The Crimes Code defines terroristic threats as follows. "A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to . . . commit any crime of violence with intent to terrorize another." 18 Pa.C.S.A. § 2706(a)(1). To sustain such a conviction, the Commonwealth must prove that the defendant threatened to commit a crime of violence, and that the defendant communicated the threat in order to terrorize another person or acted with reckless disregard for the risk of causing terror. *See Commonwealth v. Beasley*, 138 A.3d 39, 46 (Pa. Super. 2016), *appeal denied*, 161 A.3d 791 (Pa. 2016). "Neither the ability to carry out the threat, nor a belief by the person threatened that the threat will be carried out, is an element of the offense." *Id.* (citation omitted). And, "[b]eing angry does not render a person incapable of forming the intent to terrorize." *Commonwealth v. Walls*, 144 A.3d 926, 936 (Pa. Super. 2016) (citation omitted), *appeal denied*, 167 A.3d 698 (Pa. 2017).

Instantly, based upon the evidence presented at trial, viewed in a light most favorable to the Commonwealth, we agree with Attorney Lacson that the Commonwealth proved beyond a reasonable doubt Appellant committed the offense of terroristic threats under Section 2706(a)(1). As the trial court found:

> [I]n the morning on [June 28, 2017], [Appellant] came on to Mr. Moye's property, and the parties had the verbal exchange Mr. Moye described. The [trial court] further finds that when [Appellant] stated, "I know what time you leave in the morning and I'm going to stab you in your fucking back," his purpose was that, on the frequent mornings that Mr. Moye had to leave the house at 5:00 a.m., he would thereafter do so in apprehension that [Appellant] would attack him with a knife. The [trial court] further finds that [Appellant] has a subjective belief and intent that Mr. Moye would in fact be placed in fear by this threat, and that causing this fear was [Appellant's] object. [Appellant's] stabbing threat to his neighbor [Mr. Moye] was thus a statement threatening a crime of violence for the purpose of placing Mr. Moye in fear of the same, satisfying the elements of [Section] 2706(a)(1).

Trial Court Opinion, 1/4/19, at 3-4. Accordingly, Appellant's sufficiency claim fails.

We have conducted an independent review of the record and addressed Appellant's issue on appeal. Based on our conclusions above, we agree with Attorney Lacson that the issue Appellant seeks to litigate in this appeal is wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant Attorney Lacson's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/19