J-S49023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: M.S. A JUVENILE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF M.S. A JUVENILE | No. 369 EDA 2019 |

Appeal from the Dispositional Order Entered January 4, 2019
In the Court of Common Pleas of Delaware County
Juvenile Division at No.: CP-23-JV-0000224-2018

BEFORE: BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 08, 2019**

Appellant M.S. appeals from the January 4, 2019 dispositional order of the Court of Common Pleas of Delaware County ("juvenile court"), which adjudicated her delinquent of three counts of indecent assault.[1] Appellant's counsel, Patrick J. Connors, Esquire, has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the dispositional order and grant counsel's petition to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3126(a)(1) (nonconsensual) (M2), (a)(2)(forcible compulsion) (M1) and (a)(7) (person less than 13) (M1), respectively.

The facts and procedural history of this case are undisputed.[2] In January 2018, the Commonwealth filed a delinquency petition against Appellant, alleging that, in the summer of 2017, when she was fifteen years old, she assaulted a seven-year-old female (the "victim") by touching the victim's vagina with her hand. The juvenile court held an adjudicatory hearing on December 6, 2018, at which the Commonwealth presented the testimony of the then eight-year-old victim from another room through a closed-circuit camera, as stipulated by the parties.

The victim testified that she was eight years old and attended third grade at a charter school. N.T. Adjudication Hearing, 12/6/18, at 5-6. The victim further testified that her family knew Appellant's family. *Id.* at 6. She referred to Appellant, whom she has known since the age of four, as her God-sister. *Id.* The victim testified that she used to hang out with Appellant a lot. *Id.* at 7. According to the victim, Appellant lived in Toby Farms, Delaware County, where she last hung out with Appellant. *Id.* at 8, 10. Appellant shared a room with her sister. *Id.* at 10-11. The victim stated that she did not want to hang out with Appellant again because "she touched me in the wrong spot." *Id.* at 10. Specifically, the victim testified:

> Well, it was nighttime, and [Appellant's sister] was in the tub. Me and [Appellant] was in the room, and that's when [Appellant] touched me in my private part and I told her to stop and she did (inaudible) and that's when she said if I tell anybody, that she was

_____

[2] Unless otherwise specified, these facts come from the juvenile court's March 13, 2019 opinion filed pursuant to Pa.R.A.P. 1925(a).

going to do it to me again, and then that's when I went in the bathroom and I called my mom.

*Id.* at 11. At the time of the incident, the victim was in Appellant's bed with Appellant. *Id.* The victim testified that no one else was in the room at the time. *Id.* at 12. The victim described that she was wearing leggings, shirt and underpants. *Id.* The victim remarked that Appellant touched the victim's "bottom" and "private part" with her hands. *Id.* The victim explained that Appellant "was playing with my private parts." *Id.* at 13. The victim testified that Appellant touched her under her underpants. *Id.* Upon being touched, the victim told Appellant to stop. *Id.* Thereafter, Appellant "did it two more times" and said "if you tell anybody that she was going to do it to me again." *Id.* The victim, thereafter, went in the bathroom to call her mother. *Id.* The victim recalled feeling "upset." *Id.* at 14.

In response, Appellant testified in her own behalf, generally denying the allegations against her made by the victim. *Id.* at 24-25.

Following the hearing, the juvenile court adjudicated Appellant delinquent of three counts of indecent assault under Section 3126(a)(1) (nonconsensual), (a)(2)(forcible compulsion), and (a)(7) (person less than 13), respectively.

On January 4, 2019, the juvenile court conducted a dispositional hearing at the conclusion of which it sentenced Appellant to probation and ordered her to undergo treatment in the regular track of the Sexually Abused and Abusive Youth ("SAAY") program and perform sixteen hours of community service, among other things.

Appellant timely appealed. The juvenile court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On March 13, 2019, the juvenile court issued a Pa.R.A.P. 1925(a) opinion.

On June 16, 2019, Appellant's counsel filed in this Court a motion to withdraw as counsel and filed an **Anders** brief, wherein counsel repeats the sufficiency of the evidence claim: "Whether the evidence was sufficient to establish all elements of indecent assault for which Appellant was adjudicated delinquent?" **Anders** Brief at 3 (unnecessary capitalizations omitted)

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to

withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant's sole issue on appeal implicates the sufficiency of the evidence underlying her indecent assault convictions.

The standard of review for a challenge to the sufficiency of evidence is well settled:[3]

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a [juvenile]'s innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

*In Interest of P.S.*, 158 A.3d 643, 650 (Pa. Super. 2017) (citation omitted), *appeal denied*, 174 A.3d 1029 (Pa. 2017). "[T]he uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Cramer*, 195 A.3d 594, 602 (Pa. Super. 2018) (citing *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005)).

Section 3126, relating to indecent assault, provides in relevant part:

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the

---

[3] We note that "a juvenile, like an adult defendant in a criminal proceeding, should be permitted to challenge the sufficiency of the evidence for the first time on appeal." *In re D.S.*, 39 A.3d 968, 973 (Pa. 2012).

complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

> (1) the person does so without the complainant's consent;

> (2) the person does so by forcible compulsion;

> . . . [or]

> (7) the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(1), (2), and (7).

Instantly, based upon the evidence presented at adjudication hearing, viewed in a light most favorable to the Commonwealth, we agree with Attorney Connors that the Commonwealth proved beyond a reasonable doubt Appellant committed the counts of indecent assault. As the juvenile court found:

> While Appellant's sister was in the tub, Appellant was in bed with her guest—the victim. The victim testified that Appellant reached her hand into the victim's underwear and touched her bottom and then rubbed her private part (which was shown to be the area of the victim's crotch). When the victim told Appellant to stop, Appellant supposedly continued to touch her two more times. When the victim continued to tell Appellant to stop, Appellant told the victim if she said anything to anyone, Appellant would do it again.

Juvenile Court Opinion, 3/19/19 at 2-3 (quotation marks omitted). Thus, in light of these facts, and resolving any conflict in testimony in favor of the victim and against Appellant, the juvenile court correctly concluded that all elements of the three indecent assault charges were proven beyond a reasonable doubt. The victim who was only seven years old at the time of the incident did not consent to Appellant touching her private parts and Appellant continued to do so even after the victim told her to stop.

We have conducted an independent review of the record and addressed Appellant's issue on appeal. Based on our conclusions above, we agree with Attorney Connors that the issue Appellant seeks to litigate in this appeal is wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant Attorney Connors' petition to withdraw and affirm the dispositional order.

Dispositional order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/19